**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jan 26 2012, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SWARAY E. CONTEH**
The Law Office of Swaray Conteh, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MOUSTAPHA BARRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1105-CR-565 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven Eichholtz, Judge
The Honorable Peggy Ryan-Hart, Commissioner
Cause No. 49G20-0911-FB-94666

**January 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Moustapha Barry appeals from his conviction and sentence for Dealing in Cocaine[1] as a class B felony. Barry presents the following restated issues for our review:

1. Was the evidence sufficient to support Barry's conviction for dealing in cocaine?

2. Was there a variance between the proof and pleading on that charge, and if so, did that error constitute fundamental error?

3. Was Barry's sentence inappropriate in light of the nature of the offense and character of the offender?

We affirm.

On October 6, 2009, a confidential informant purchased cocaine from Barry and Michael Hampton. The informant gave the cocaine to Indianapolis Police Detective Bradley Thomas. Laboratory testing confirmed that the substance was cocaine. On November 12, 2009, the confidential informant purchased cocaine from Hampton while Barry was present.

Police officers obtained a search warrant for the house where the transactions took place and served the warrant on the evening of November 12, 2009. Police recovered cocaine, marijuana, and a gun from inside the home. Barry, Hampton, and Brandon Felix were also inside the house. Barry and Hampton were in possession of identification cards confirming their identities. Detective Jason Hart advised Barry of his rights and Barry indicated that he understood. Barry then stated that he was at the house all the time. He admitted that narcotics were being sold at the house, but that the narcotics belonged to Hampton.

---

[1]Ind. Code Ann. § 35-48-4-1 (West, Westlaw current through end of 2011 1st Reg. Sess.).

The State charged Barry with one count of conspiracy to commit dealing in cocaine, two counts of dealing in cocaine, three counts of possession of cocaine, one count of possession of cocaine and a firearm, and one count of possession of marijuana. Prior to trial, the State dismissed one count of dealing in cocaine and one count of possession of cocaine. After a jury trial, Barry was found guilty of one count of conspiracy to commit dealing in cocaine (Count I), one count of dealing in cocaine (Count II), and one count of possession of cocaine (Count III). At Barry's sentencing hearing, the trial court merged the convictions for Count I and Count III with Count II, Barry's conviction for dealing in cocaine. The trial court then sentenced Barry to thirteen years executed on Count II. Barry now appeals.

1.

Barry challenges the sufficiency of the evidence supporting his conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Henley v. State*, 881 N.E.2d 639 (Ind. 2008). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id*. at 652. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Henley v. State*, 881 N.E.2d 639.

Barry contends that the evidence was insufficient to convict him of Count I, Count II, and Count III. The State correctly notes, however, that at Barry's sentencing hearing, the trial court merged the convictions for Count I and Count III with the conviction for Count II and entered judgment of conviction only as to Count II. Because judgment of conviction was

3

not entered on Count I and Count III, we need not address the sufficiency of the evidence to support those counts.

In order to convict Barry of Count II, the State was required to prove that Barry knowingly delivered cocaine to the informant. I.C. § 35-48-4-1. The evidence adduced at trial showed that Barry dealt cocaine to the confidential informant on October 6, 2009. The uncorroborated testimony of a single witness is sufficient to support a criminal conviction. *Thompson v. State*, 612 N.E.2d 1094 (Ind. Ct. App. 1993). Barry contends, however, that alleged discrepancies in the confidential informant's pretrial description of him and Barry's actual physical attributes make the confidential informant's testimony incredibly dubious. For reasons we explain below, the incredible dubiosity rule is inapplicable here.

"Within the narrow limits of the 'incredible dubiosity' rule, a court may impinge upon a jury's function to judge the credibility of a witness." *Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002). "For testimony to be disregarded based on a finding of 'incredible dubiosity,' it must be inherently contradictory, wholly equivocal, or the result of coercion." *Gray v. State*, 871 N.E.2d 408, 416 (Ind. Ct. Ap. 2007). There must be a complete lack of circumstantial evidence of the defendant's guilt. *Gray v. State*, 871 N.E.2d 408. Furthermore, the rule is rarely applicable. *Id*.

As stated above, the confidential informant purchased cocaine from Barry on October 6, 2009. The informant gave the cocaine to Indianapolis Police Detective Bradley Thomas after the purchase was completed. Laboratory testing confirmed that the substance was cocaine. After being advised of his rights when officers were executing a search warrant at the house where the confidential informant purchased cocaine from Barry, Barry stated that

4

he was at the house all the time.  He admitted that narcotics were being sold at the house, but stated that the narcotics belonged to Hampton.  The confidential informant identified Barry and Hampton from photo arrays prior to trial.  At trial, Barry had the opportunity to question the confidential informant, and did so vigorously on cross-examination, concerning any alleged discrepancies in the informant's pretrial description of Barry.  Both the State and defense counsel had Barry stand up at trial so that the jury could view his height and physical appearance and compare that to the description given by the confidential informant.  Thus, the issue was what weight to assign to the informant's testimony.  Because there was no lack of circumstantial or direct evidence, and the confidential informant unequivocally maintained that he purchased cocaine from Barry, the incredibly dubiosity rule is inapplicable.  The evidence is sufficient to support Barry's conviction for dealing in cocaine.

2.

Barry claims that the variance between the State's charging information and its proof at trial constituted fundamental error.  A variance exists when the proof at trial does not conform to the pleadings.  *Reinhardt v. State*, 881 N.E.2d 15 (Ind. Ct. App. 2008).  A failure to prove a material allegation descriptive of the offense is fatal.  *Mitchem v. State*, 685 N.E.2d 671 (Ind. 1997).  "[A] variance will require reversal only . . . if it misleads the defendant in the preparation of his defense or subjects him to the likelihood of another prosecution for the same offense."  *Robinson v. State*, 634 N.E.2d 1367, 1372 (Ind. Ct. App. 1994).  Stated another way, the test for determining whether a variance is fatal is as follows:

> (1)     was the defendant misled by the variance in the evidence from the allegations and specifications in the charge in the preparation and maintenance of his defense, and was he harmed or prejudiced thereby;

5

(2) will the defendant be protected in the future criminal proceeding covering the same event, facts and evidence against double jeopardy?

*Childers v. State*, 813 N.E.2d 432, 436 (Ind. Ct. App. 2004). Barry failed to object to an alleged variance at trial. The failure to make a specific objection at trial waives any variance issue on review. *Reinhardt v. State*, 881 N.E.2d 15.

The issue is waived unless Barry can establish fundamental error. Fundamental error has been described as "error so prejudicial to the rights of the defendant that a fair trial is rendered impossible." *Wilson v. State*, 931 N.E.2d 914, 919 (Ind. Ct. App. 2010). The fundamental error doctrine is an extremely narrow doctrine applicable only when "the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Id*. at 919. A defendant must show greater prejudice than that necessary to establish ordinary reversible error. *Id*.

Although this is not a variance argument, Barry contends he was misled by the nicknames and the physical description listed in the probable cause affidavit. The probable cause affidavit states the nicknames of the targets of the search warrant, but then connects the nicknames with the true identities of the individuals found at the residence. The State notes that the probable cause affidavit states that the confidential informant identified Barry from a photo array as the person who delivered the cocaine to him on October 6, 2009. If there was any confusion on Barry's part as to the identity of the person alleged to have delivered the cocaine, Barry could have resolved the issue while deposing the confidential informant. Barry has failed to establish a variance, let alone fundamental error.

6

3.

Barry claims that his thirteen-year sentence is inappropriate in light of the nature of the offense and the character of the offender. We have the constitutional authority to revise a sentence if, after careful consideration of the trial court's decision, we conclude the sentence is inappropriate in light of the nature of the offense and character of the offender. *See* Ind. Appellate Rule 7(B); *Anglemyer v. State,* 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218. Even if a trial court follows the appropriate procedure in arriving at its sentence, we maintain the constitutional power to revise a sentence we find inappropriate. *Hope v. State,* 834 N.E.2d 713 (Ind. Ct. App. 2005). Although we are not required under App. R. 7(B) to be "extremely" deferential to a trial court's sentencing decision, we recognize the unique perspective a trial court brings to such determinations. *Rutherford v. State,* 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). On appeal, Barry bears the burden of persuading us that his sentence is inappropriate. *Rutherford v. State,* 866 N.E.2d 867.

With respect to the nature of the offense, Barry dealt cocaine from a residence and committed the offense while he was on probation for another offense. With respect to the character of the offender, Barry's criminal history is telling. Barry had two juvenile adjudications for auto theft. His criminal history as an adult includes thirteen arrests resulting in at least three prior felony convictions and several misdemeanor convictions. The current felony conviction is Barry's fourth felony conviction and was committed while he was on probation for a previous crime. We cannot say that this slightly enhanced sentence of thirteen years for a class B felony is inappropriate in light of the nature of the offense and the character of the offender.

7

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.