James E. RILEY, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 684S215.

Supreme Court of Indiana.

April 16, 1987.

---

Diane McNeal, Appellate Public Defender's Office, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

James E. Riley, defendant, appeals his two convictions, following jury trial, of robbery [1], a class A felony. The issues sought to be presented are: 1) amendment of information, 2) hearsay evidence, 3) admissibility of confessions, 4) jury instructions, and 5) sufficiency of evidence.

1. Ind. Code § 35–42–5–1.

## Issue I

■ The original information filed May 19, 1983, charged defendant with two counts of robbery, a class A felony, each of which included the allegation that defendant caused "serious bodily injury." Four days before the commencement of jury trial, the State moved to amend each count of the information by striking the word "serious" from the phrase "serious bodily injury." The trial court granted the motion on December 5, 1983, immediately prior to the commencement of the trial. Under the statutory language in force at the time, the offense of robbery was defined by Ind. Code § 35–42–5–1 as follows:

A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) By using or threatening the use of force on any person; or

(2) By putting any person in fear; commits robbery, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant, and a class A felony if it results in either bodily injury or serious bodily injury to any other person.[2]

Defendant contends that the deletion of the word "serious" affected the substance, not merely the form, of the charge, and resulted in prejudice to the substantial rights of the defendant, in violation of Ind. Code § 35–34–1–5. This statutory provision authorizes the amendment of an information under specified procedures and limitations. In pertinent part, it permits amendment "at any time because of any immaterial defect, including * * * (9) any other defect which does not prejudice the substantial rights of the defendant." Section (c) of the statute further provides:

Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

Section (d) further provides that upon permitting such amendment, the trial court must, if requested by the defendant, "order any continuance of the proceedings which may be necessary to accord the defendant adequate opportunity to prepare his defense."

Defendant argues that he came to trial prepared to show that the victim had not sustained "serious" bodily injury, but was not prepared to argue the absence of any bodily injury. Defendant claims that the amendment of the information on the day of trial substantially prejudiced his rights to an adequate and thorough defense.

The defendant did not avail himself of the statutory continuance available to allow "adequate opportunity to prepare his defense." He may not now complain.

## Issue II

Defendant contends that the trial court committed reversible error when it permitted testimony from the victim that during the robbery, he heard "someone come up from behind me and told me 'this is payback for putting my brother in jail.'" Defendant immediately objected on grounds that the testimony was irrelevant, immaterial, hearsay, and lacks foundation. In response, the State informed the court that the defendant, in a prior statement, identified one Charles Steele as one of the other persons participating with the defendant in the incident. Charles Steele is the brother of John Steele against whom the victim had testified regarding a prior burglary, as a result of which John Steele was convicted and sentenced. Defendant's statement, later introduced in evidence, identified Charles Steele as one of the defendant's companions in the robbery. On appeal, defendant's sole resulting argument is that the response was inadmissible hearsay. The trial court expressly noted that the

---

**2.** This section was amended in 1984 to delete the words "either bodily injury or" from the definition of the offense as a class A felony.

statement was admissible under the *res gestae* exception to the hearsay rule.

■ The term *"res gestae"* is used in two separate and distinguishable contexts. *See generally*, McCormick, *Evidence* § 288, pp. 835–836 (1984); VI Wigmore, *Evidence* § 1745, pp. 191–193 (Chadbourn ed. 1976). As an exception to the hearsay rule, *res gestae* refers to spontaneous or excited utterances. *See, Spears v. State* (1980), 272 Ind. 634, 401 N.E.2d 331, rehearing granted on other grounds, 272 Ind. 647, 403 N.E.2d 828; *Fed.R.Evid.* 803(2). Separate and apart from excited utterances, the term has also been applied to statements and conduct contemporaneous with an incident in question. *See, Blankenship v. State* (1984), Ind., 462 N.E.2d 1311; *Edwards v. State* (1984), Ind., 466 N.E.2d 452. In this latter usage, *res gestae* does not apply to hearsay assertions which nevertheless are admissible as excited utterances. Rather, it refers to statements which are not hearsay at all because they are not offered to prove the truth of the assertions contained therein, but rather for the purpose of completing the story of the incident and its immediate context. *Arnold v. State* (1984), Ind., 460 N.E.2d 494, 497; *Brown v. State* (1981), 275 Ind. 441, 446, 417 N.E.2d 333, 337; *Maldonado v. State* (1976), 265 Ind. 492, 495, 355 N.E.2d 843, 847.

■ In the present case, the out-of-court statement was not hearsay admissible as an excited utterance. Rather, it fell under the second usage of the term *res gestae*. The statement was not being offered to prove the truth of the matters therein asserted, but rather to complete the story of the incident which constituted the crime charged. Thus it was not hearsay. Admission of evidence under either meaning of *res gestae* is within the sound discretion of the trial court. *Spears, supra* (excited utterance), *Blankenship, supra* (matters offered to complete the story).

Under the circumstances of this case, we find no abuse of discretion in allowing the controverted testimony.

### Issue III

Defendant sought to suppress the written waivers of his *Miranda* rights and resulting written confessions. Defendant made two statements, the first obtained between 1:29 a.m. and 1:55 a.m. on May 17, 1983, just after his arrest, and the second taken on the evening of May 19, 1983. He argues that the first waiver and confession were involuntary because he was intoxicated and because the interrogating officer threatened him with a severe sentence. Defendant further argues that there was an insufficient break in the chain of events to insulate his second confession from the alleged improprieties surrounding the first.

■ The State bears the burden of proving beyond a reasonable doubt that an accused knowingly and voluntarily waived his *Miranda* rights and voluntarily gave a statement. *Thomas v. State* (1983), Ind., 443 N.E.2d 1197, 1199. We consider the surrounding circumstances in determining whether a voluntary statement was given. *Id.* A statement may be involuntary because the defendant was intoxicated when it was given; the degree of a defendant's mental impairment is the decisive issue. *Id.* As the defendant in this case correctly argues, a signed waiver is inconclusive proof that a voluntary waiver and statement occurred. *Dickerson v. State* (1972), 257 Ind. 562, 276 N.E.2d 845, 849. However, when reviewing a trial court's ruling on voluntariness, we have held that we will consider "only the evidence which supports that ruling, when the evidence is in conflict, as well as any unrefuted evidence in defendant's favor." *Jackson v. State* (1980), 274 Ind. 297, 411 N.E.2d 609, 611.

■ Defendant recites a lengthy list of drugs that he claims to have consumed between 7:30 p.m., May 16, 1982, and 1:00 a.m., May 17, 1982, including four qualudes, fifteen beers, four codeine tablets, and four marijuana "joints". He also claims that the investigating officer threatened him with a fifty-year sentence if he did not confess, versus a five-year sentence if he did.

The defendant's statements were obtained by Detective Sergeant Michael

McPhillips of the Hammond Police Department. The defendant exhibited signs of intoxication before Officer McPhillips began the interview at approximately 1:30 a.m. During the next twenty-six minutes, the officer discussed with the defendant his constitutional rights, and the defendant completed information blanks in the police waiver of rights form. During the following 45 minutes, the officer interviewed the defendant regarding the incident. Between 2:43 and 5:00 a.m., information obtained during the interview was placed in a three-page typewritten statement, which the defendant read, corrected (initialing the corrections) and signed.

While defendant's allegations of great quantities of alcohol and drug use are unrefuted, the claimed resulting impairment is in clear conflict with the actions of the defendant and the observations of Officer McPhillips. During this time, the defendant responded to the questions and recalled details of what had transpired during the previous evening. Officer McPhillips denied making any threats of harsh sentence or promise of leniency. Even where evidence is uncontradicted that a defendant was under the influence of drugs or alcohol at the time of police interrogation, other evidence may be sufficient to prove that a knowing and intelligent waiver of rights occurred or that a resulting statement was made voluntarily. *Rodgers v. State* (1979), 270 Ind. 372, 385 N.E.2d 1136.

We find that the trial court's ruling is supported by the evidence. Having found defendant's first confession properly obtained, we need not review whether the second confession was tainted.

### Issue IV

■ Defendant contends that the trial court committed reversible error in refusing to give his tendered jury instructions regarding alleged lesser included offenses. The State responds that these alleged errors are waived because of the defendant's failure to comply with Appellate Rule 8.3(A)(7), the pertinent portion of which provides:

When error is predicated on the giving or refusing of any instruction, the instruction *shall* be set out verbatim in the argument section of the brief with verbatim objections, if any, made thereto. Any error alleged in the motion to correct errors not treated as herein directed *shall* be deemed waived. (Emphasis added)

The State's assertion is correct. The alleged instruction errors are waived.

■ In addition to waiver, we also find that the tendered instructions were properly refused by the trial court. The refused instructions sought to inform the jury regarding robbery, a class C felony, and theft, a class D felony, as lesser-included offenses. Even if we assume, *arguendo*, that these crimes may be considered to be inherently and factually included offenses of robbery, a class A felony, as charged (which contention we need not here examine), there is clearly no serious dispute in the evidence regarding the element, resulting bodily injury, which distinguishes the greater and the lesser offense. The tendered instructions thus fail to comply with step 2 of the analysis prescribed in *Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208, as implemented in the methodology outlined in *Roddy v. State* (1979), 182 Ind.App. 156, 394 N.E.2d 1098. Furthermore, the tendered instructions were otherwise insufficient, incomplete and potentially confusing because of the failure to explain the role of a lesser-included offense in its proper context in the case. *Smith v. State* (1981), Ind., 422 N.E.2d 1179, 1184. This void was not filled by any other instructions. This deficiency was discussed in *McNary v. State* (1981), Ind., 428 N.E.2d 1248, 1252:

[T]he term "included offense" is clearly a word of art to which a layman could not attach a common meaning. Yet it is not necessary to the jury's intellectual machinations that it understand the definition of "included offense"; rather it is only significant that the jury understand the role an included offense plays in its deliberations. The jury must be informed that should it find the defendant did not commit the element or act which distin-

guishes the charged crime from the included offense, it may nevertheless find the defendant guilty of the lesser and included offense.

The tendered instructions clearly failed to convey this concept in any way.

### Issue V

Defendant contends that the jury verdict as to both counts is not supported by sufficient evidence.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. Defendant concedes that a conviction may be sustained by the testimony of a single eyewitness.

Defendant fails to identify which elements he contends were not adequately proven. His brief is devoid of cogent argument on this issue.

Furthermore, we find that defendant's confessions amply detailed his participation in the offenses. He explained the robbery plan, its execution, and the subsequent distribution of the property taken. He admitted his active participation. While defendant denied wielding a weapon, he is liable as a principal for the acts of his accomplices. *Proctor v. State* (1972), 272 Ind. 357, 397 N.E.2d 980. The testimony of the victims further documented the infliction of bodily injury and the taking of their property. We find no error on this issue.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.