Joey **WILSON**, Appellant/Defendant,

v.

**STATE of Indiana, Appellee/Plaintiff.**

No. 49A02–1001–CR–60.

Court of Appeals of Indiana.

Aug. 10, 2010.

Transfer Denied Oct. 21, 2010.

Valerie K. Boots, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Henry A. Flores, Jr., Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant/Defendant Joey Wilson appeals his convictions for Receiving Stolen Auto Parts,[1] a Class C felony, and Driving While Suspended,[2] a Class A misdemeanor. Upon appeal, Wilson contends that the trial court erred in allowing the State to amend the charging information on the day before his trial was scheduled to begin. Wilson also contends that the trial court abused its discretion by admitting his complete Bureau of Motor Vehicles ("BMV") record without first requiring the State to redact substantial evidence of unrelated prior misconduct. We affirm.

### FACTS AND PROCEDURAL HISTORY

On September 10, 2009, at approximately 8:55 a.m., Indianapolis Metropolitan Police Officer Matthew Jennings was patrol-

---

1. Ind.Code § 35–43–4–2.5 (2009).

2. Ind.Code § 9–24–19–2 (2009).

ling the area near 42nd Street and Post Road. While on patrol, Officer Jennings's vehicle came to a stop in a construction zone behind a brown and gold GMC truck that was being driven by Wilson. While stopped behind the GMC truck, Officer Jennings ran the vehicle's license plate through the BMV's database. Officer Jennings testified at trial that he "randomly run[s] license plates to find stolen vehicles" and checks that a license plate matches up to the vehicle on which it is displayed. Tr. p. 33. As a result of running the license plate through the BMV database, Officer Jennings learned that the license plate displayed on the GMC truck was registered to a 1987 red Mazda truck.

After learning that the license plate displayed on the GMC truck was registered to another vehicle, Officer Jennings saw the GMC truck make a right turn onto Brentwood Drive. Officer Jennings followed the GMC truck and initiated a traffic stop. As Officer Jennings approached the driver's side of the GMC truck, he observed that a washcloth was placed over the steering column, which he found to be odd. Officer Jennings further observed that the steering column was not "straight" but "had a little bump inside of it." Tr. p. 37. Officer Jennings then requested Wilson's driver's license. Wilson replied that he did not have a driver's license, but instead gave Officer Jennings his Indiana identification card. Officer Jennings returned to his vehicle where he ran Wilson's information through the BMV database. Based upon the information contained in the BMV database, Officer Jennings determined that Wilson's driver's license was suspended and that Wilson had previously been convicted of driving while suspended. Officer Jennings placed Wilson under arrest and completed an inventory of the items found in the GMC truck, which included the washcloth, a screwdriver, pliers, and a hammer, but no keys.

Officer Jennings subsequently learned that the GMC truck had previously been reported stolen and that the owner had not given Wilson permission to take or drive the vehicle.

On September 14, 2009, Wilson was charged with Class D felony auto theft and Class A misdemeanor driving while suspended. The State additionally filed a request to enhance the auto theft charge to Class C felony status upon conviction because Wilson had previously been convicted of auto theft under Indiana Code section 35–43–4–2.5. Wilson requested a speedy trial. On or about November 16, 2009, the State moved to amend the Class D felony auto theft charge to Class D felony receiving stolen auto parts. The Class C felony enhancement similarly applied to this amended charge. The trial court granted the State's motion to amend the charging information over Wilson's objection on November 18, 2009.

The trial court conducted a jury trial on November 19, 2009. At trial, the State sought to admit Wilson's BMV driving record. Wilson objected on the grounds that the document was not properly certified. The trial court determined that the document was properly certified and admitted Wilson's BMV record over his objection. At the conclusion of the trial, the jury returned guilty verdicts on both counts. Wilson waived his right to a jury trial on the Class C felony enhancement to receiving stolen auto parts. The trial court conducted a bench trial, at the conclusion of which it enhanced Wilson's Class D felony receiving auto parts conviction to Class C felony status. Wilson was subsequently sentenced to an aggregate six-year sentence, with the last two years to be served at a Community Corrections work release facility. Wilson now appeals.

## DISCUSSION AND DECISION

On appeal, Wilson challenges his convictions on two grounds. First, Wilson contends that the trial court erred in allowing the State to amend the charging information on the day before his trial was scheduled to begin. Wilson next contends that the trial court abused its discretion by admitting his complete BMV record without first requiring the State to redact substantial evidence of unrelated prior misconduct.

### I. Amendment to Charging Information

■ Wilson contends that the trial court erred in allowing the State to amend the charging information on the day before his trial was scheduled to begin because the amendment to the charging information constituted a change in substance that prejudiced his substantial rights. Specifically, Wilson claims that the amendment prejudiced his substantial rights because he did not have a reasonable opportunity to prepare for and defend against the amended charge. In making this argument, Wilson concedes that he did not seek a continuance to prepare an adequate defense following the trial court's order permitting the State to amend the charging information, but argues that he was not required to do so in light of this court's conclusion in *Fuller v. State*, 875 N.E.2d 326 (Ind.Ct.App.2007), *trans. denied*. *Fuller*, however, can easily be distinguished from the instant matter.

In *Fuller*, this court examined whether a defendant waived his right to appellate review by failing to request a continuance after the trial court permitted an amendment to the charging information over defendant's objection. In considering whether the defendant waived his right to

appellate review, the court relied on the Indiana Supreme Court's holding in *Fajardo v. State*, 859 N.E.2d 1201 (Ind.2007). 875 N.E.2d at 329–32. It is well-established that prior to *Fajardo*, case law permitted untimely amendments of substance if the substantial rights of the defendant were not prejudiced. *Fields v. State*, 888 N.E.2d 304, 309 (Ind.Ct.App.2008). However, on January 16, 2007, the Indiana Supreme Court decided *Fajardo*, in which it held that the applicable version of Indiana Code section 35–34–1–5 required amendments of substance to be made not less than thirty days before the omnibus date, regardless of whether they prejudiced the defendant. 859 N.E.2d at 1208. The Supreme Court noted that the amendment in question was not sought until seven days after the omnibus date and concluded that as a result, the trial court erred in permitting the amendment because it was untimely, regardless of prejudice. *Id.*

Similarly, in *Fuller*, this court reviewed the same version of the statute at issue in *Fajardo*, and determined that the trial court erroneously permitted the State to amend the charging information because the amendment was one of substance which was not filed during the statutorily-allotted time. 875 N.E.2d at 330. As in *Fajardo*, this court determined that the question at issue was whether the requested amendment was timely, not whether the amendment prejudiced the defendant's substantial rights. As such, this court concluded that the defendant did not waive his right to appellate review of the trial court's order allowing the amendment by failing to request a continuance for the purpose of allowing himself an adequate opportunity to prepare his defense.[3] *Id.* at 331–32.

---

**3.** One lesson to be gleaned from *Fajardo* and *Fuller* is that it would make little sense to

require a defendant to take measures designed to cure prejudice when prejudice need

In response to *Fajardo*, the General Assembly amended Indiana Code section 35–34–1–5 to again permit amendments of substance at any time before the commencement of trial so long as the amendment does not prejudice the substantial rights of the defendant. *Fields*, 888 N.E.2d at 304. This amendment went into effect on May 8, 2007, and it is undisputed that the amended version of Indiana Code section 35–34–1–5 applies to the instant matter.

Recognizing that the amended version of Indiana Code section 35–34–1–5 applies here, the State argues that even if the amendment did prejudice Wilson's substantial rights, Wilson waived this issue for appellate review because he failed to request a continuance after the trial court permitted the amendment. In support of its argument that Wilson waived this issue for appellate review, the State cites to *Haymaker v. State*, 667 N.E.2d 1113 (Ind. 1996) and *Daniel v. State*, 526 N.E.2d 1157 (Ind.1988), which provide that in cases where the court is faced with the question of whether an amendment to the charging information that was filed prior to trial prejudices a defendant's substantial rights, a defendant waives his right to seek appellate review of the propriety of a trial court's decision to permit the amendment if the defendant fails to request a continuance after his objection to the amendment is overruled. *Haymaker* and *Daniel* are part of the long line of cases that support this proposition, which originated with *Riley v. State*, 506 N.E.2d 476 (Ind.1987).

In *Riley*, the State filed a motion to amend the charging information four days before the defendant's trial was scheduled to begin. 506 N.E.2d at 478. The defendant objected, claiming that the proposed amendment was one of substance that would require him to alter his prepared defense. *Id.* The trial court granted the State's motion over defendant's objection. *Id.* On review, the Indiana Supreme Court held that the defendant waived his right to appellate review of the trial court's order by failing to "avail himself of the statutory continuance available to allow 'adequate opportunity to prepare his defense.'" *Id.*

 Here, unlike in *Fajardo* and *Fuller*, it is uncontested that the State's request to amend the charging information was timely under the amended version of Indiana Code section 35–34–1–5 because the amendment was made before Wilson's trial commenced. Thus, the only question is whether the amendment prejudiced Wilson's substantial rights. As such, we conclude that this case is more akin to *Riley* and its progeny than *Fajardo* and *Fuller*. We further conclude that under the amended version of Indiana Code section 35–34–1–5, a defendant's failure to request a continuance after a trial court allows a pre-trial substantive amendment to the charging information over defendant's objection results in waiver. Here, Wilson had the opportunity to request a continuance for the purpose of giving himself the opportunity to prepare his defense after the trial court allowed the State to amend the charging information over his objection but chose not to pursue that course. Therefore, Wilson has waived this issue for appellate review.[4] *See Riley*, 506 N.E.2d at 478.

not even be shown. In such cases, less stringent requirements for preservation of the issue are appropriate. This, however, is not one of those cases.

4. To the extent that Wilson argues that he was excused from filing a continuance because he

had previously requested a speedy trial, we note that the fact that a defendant has requested a speedy trial does not negate waiver. *See Haymaker*, 667 N.E.2d at 1114 (providing that defendant's prior request for a speedy trial did not excuse defendant from requesting

## II. Admission of BMV Record

■■■ Wilson next contends that the trial court abused its discretion by admitting his complete BMV record without first requiring the State to redact substantial evidence of unrelated prior misconduct. It is well-established that the decision to admit evidence is within the sound discretion of the trial court and is afforded a great deal of deference on appeal. *Hauk v. State*, 729 N.E.2d 994, 1001 (Ind.2000). We review evidentiary determinations for an abuse of discretion and will not reverse such decisions unless the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

■■■ At trial, Wilson objected to the admission of his complete BMV record on the grounds that it was not properly certified. Wilson concedes that he did not object to the admission of his complete BMV record on the grounds that it contained prejudicial evidence of prior bad acts. It is well-settled that a defendant may not raise one ground for objection at trial and argue a different ground on appeal. *Howard v. State*, 818 N.E.2d 469, 477 (Ind.Ct.App.2004), *trans. denied; Lehman v. State*, 730 N.E.2d 701, 703 (Ind. 2000). The failure to raise an issue at trial waives the issue on appeal. *Howard*, 818 N.E.2d at 477. Therefore, because Wilson did not object to the admission of his BMV record on the grounds that it contained prejudicial evidence of prior bad acts at trial, Wilson has waived this issue for appellate review. Wilson, however, attempts to circumvent waiver by arguing that the admission of his complete BMV record constituted fundamental error.

■■■ A reviewing court may disregard the defendant's waiver of a particular issue for appellate review and reverse the defendant's conviction only if he has demonstrated the existence of fundamental error. *Purifoy v. State*, 821 N.E.2d 409, 412 (Ind.Ct.App.2005), *trans. denied.* The fundamental error rule, however, is extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. *Id.* Fundamental error is defined as error so prejudicial to the rights of a defendant that a fair trial is rendered impossible. *White v. State*, 846 N.E.2d 1026, 1033 (Ind. Ct.App.2006), *trans. denied.* The mere fact that error occurred and that it was prejudicial will not satisfy the fundamental error rule. *Purifoy*, 821 N.E.2d at 412. "Fundamental error, therefore, requires a defendant to show greater prejudice than ordinary reversible error because no objection has been made." *Id.*

■■■ Wilson argues that the admission of his complete BMV record constituted fundamental error because it included evidence of unrelated prior criminal behavior in violation of Indiana Evidence Rule 404(b). Indiana Evidence Rule 404(b) provides that generally, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. Simply stated, evidence is inadmissible under Indiana Evidence Rule 404(b) when its only apparent purpose is to prove that the

a continuance following the trial court's order permitting the State to amend the charging information over defendant's objection). A request for a continuance would not have forced Wilson to relinquish his right to a speedy trial as he could have refiled his request for a speedy trial contemporaneously with his motion for a continuance. *See Miller v. State*, 563 N.E.2d 578, 582 (Ind.1990) (providing that requesting a continuance does not force a defendant to relinquish his speedy trial right). Thus, Wilson's previous speedy trial request did not excuse his failure to seek a continuance in the instant matter.

defendant is a person who commits crime. *Dumes v. State*, 718 N.E.2d 1171, 1175 (Ind.Ct.App.1999). However, where relevant, evidence of other crimes may be admissible for purposes other than to show the defendant's character or propensity to commit the crime charged. *Id.*

Here, Wilson was charged with driving while suspended after having received a previous driving while suspended conviction. At trial, Officer Jennings testified that after stopping Wilson, he learned that Wilson was driving on a suspended license after having already been convicted of the same offense. The State offered Wilson's BMV record to corroborate Officer Jennings's testimony regarding the fact that Wilson was indeed driving on a suspended license after having received a prior driving while suspended conviction. The BMV record also indicated that Wilson had been charged with ten additional driving-related offenses.

In support of his claim that the admission of his complete BMV record constituted fundamental error, Wilson relies on *Rhodes v. State*, 771 N.E.2d 1246 (Ind.Ct. App.2002), *trans. denied.* In *Rhodes,* this court concluded that the "introduction of improper character evidence was so blatant and so pervasive that it rendered a fair trial impossible" because the State introduced a "flood" of irrelevant character evidence at trial. 771 N.E.2d at 1256. In reaching this conclusion, the court noted as follows:

> [the State's] case in chief seemed to be a focused inquiry into [defendant]'s and [defense witness]'s prior misconduct. From inquiries into [defendant]'s driving convictions, alcohol problems, and history of domestic violence to questions concerning the legitimacy of [defendant] and [defense witness]'s child and the circumstances surrounding [defense witness]'s divorce, the Prosecution made a

trial about a driving violation into one about [defendant]'s and [defense witness]'s character.

*Id.* The court concluded that the admission of the "flood" of irrelevant character evidence constituted fundamental error. The court's conclusion, however, was not based solely upon the admission of the defendant's driving record, but rather on the "flood of irrelevant and prejudicial evidence" that "did not just make a fair trial unlikely, it made it impossible." *Id.*

■ Initially, we observe that any unrelated character evidence contained in Wilson's BMV record should have been redacted from Wilson's record before it was admitted at trial. Nevertheless, Wilson has failed to prove that the admission of the unredacted record made it impossible for him to receive a fair trial. Unlike in *Rhodes,* the State did not present a "flood" of evidence about Wilson's prior crimes, wrongs, or bad acts. Wilson's BMV record was the only evidence presented by the State that related to Wilson's character and the State did not highlight any unrelated character evidence in its argument at trial. Wilson did not challenge the State's allegation that he had received a prior driving while suspended conviction at trial making it unlikely that his lengthy BMV record would have been unfairly influential with respect to that single act. In light of the unchallenged evidence that Wilson was driving on a suspended license after having received a prior driving while suspended conviction, we do not believe that the admission of Wilson's BMV record, in and of itself, rose to the level of irrelevant and prejudicial evidence discussed in *Rhodes,* nor do we believe that the admission of Wilson's BMV record, without any other irrelevant character evidence, was so prejudicial that it made it impossible for Wilson to receive a fair trial.

Moreover, to the extent that Wilson relies on *Dumes* and *Jones v. State*, 708 N.E.2d 37 (Ind.Ct.App.1999), *trans. denied*, in support of his claim that the admission of his complete BMV record constituted fundamental error, we conclude that both *Dumes* and *Jones* are unpersuasive because in both *Dumes* and *Jones*, this court concluded that the admission of the defendants' unredacted driving records constituted reversible error, not fundamental error. Again, a finding of fundamental error "requires a defendant to show greater prejudice than ordinary reversible error." *Purifoy*, 821 N.E.2d at 412. Although we believe that the trial court erred in admitting Wilson's unredacted BMV record, we conclude that Wilson has failed to prove that its admission subjected him to any greater prejudice than ordinary reversible error. Thus, Wilson has failed to prove that the admission of his complete BMV record constituted fundamental error.

The judgment of the trial court is affirmed.

DARDEN, J., and BROWN, J., concur.