## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 26 2015, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Cara Schaefer Wieneke<br>Wieneke Law Office, LLC<br>Plainfield, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Jesse R. Drum<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Malcolm M. Pettis,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 26, 2015<br><br>Court of Appeals Case No.<br>84A01-1412-CR-555<br><br>Appeal from the Vigo Superior Court<br><br>The Honorable David R. Bolk, Judge<br><br>Cause No. 84D03-1405-FA-1190 |

**Najam, Judge.**

## Statement of the Case

[1] Malcolm Pettis appeals his convictions for three counts of dealing in cocaine, as Class A felonies; dealing in marijuana, as a Class C felony; maintaining a

common nuisance, a Class D felony; and two counts of operating a motor vehicle while privileges are suspended, Class D felonies; following a jury trial. Pettis presents a single issue for our review, namely, whether the trial court erred when it allowed the State to amend the charging information five days before trial. We affirm.

## Facts and Procedural History

[2] On February 27, 2014, and on March 4, 6, and 18, 2014, officers with the Terre Haute Police Department conducted controlled drug buys whereby a confidential informant ("CI") arranged to buy marijuana and cocaine from Pettis. On May 5, Detective Martin Dooley, Jr. with the Vigo County Drug Task Force filed a probable cause affidavit describing those controlled buys. Also on May 5, the State charged Pettis with three counts of dealing in cocaine, as Class A felonies; three counts of possession of cocaine, as Class C felonies; dealing in marijuana, as a Class C felony; three counts of maintaining a common nuisance, Class D felonies; and two counts of operating a motor vehicle while privileges are suspended, Class D felonies.

[3] On October 23, 2014, five days before Pettis' scheduled trial, the trial court held a final pre-trial conference, and the State moved to amend the charging information and separately to dismiss five of his charges.[1] In support of its

---

[1] The State moved to dismiss all three possession of cocaine charges and two of the three maintaining a common nuisance charges.

motion to amend the charging information, the State pointed out that, while the probable cause affidavit contained the correct dates of the alleged offenses, the charging information contained "scrivener's errors" misstating the dates of two of the charged offenses. Appellant's App. at 76. In particular, the charging information erroneously stated that the offenses alleged in Counts 3 and 6 occurred on March 20, 2014, when they actually occurred on March 18, 2014. And the charging information erroneously stated that the offense alleged in Count 7 occurred on March 20, 2014, when it actually occurred on February 27, 2014.

[4] Pettis objected to the proposed amendment as follows: "I would object. We're five days before trial and he's amending the charging information, changing the dates and it's just kind of a major thing, major part of the charging information, the date on which the alleged incidents occurred." Pre-Trial Hearing Tr. at 6. But Pettis did not request a continuance. The trial court granted the State's motion to amend the information. Following the trial on October 28-29, a jury found Pettis guilty as charged. The trial court entered judgment and sentence accordingly. This appeal ensued.

## Discussion and Decision

[5] Pettis contends that the trial court erred when it allowed the State to amend the charging information five days before trial. In particular, Pettis maintains that "the date upon which each transaction occurred was of utmost importance" to his defense, and the late amendment prejudiced his substantial rights. Appellant's Br. at 4. We cannot agree.

[6]     Indiana Code Section 35-34-1-5 provides in relevant part that a charging information may be amended on motion by the prosecuting attorney "at any time because of any immaterial defect," including the failure to state the time or place at which the offense was committed where the time or place is not of the essence of the offense.

[7]     In *Bennett v. State*, 5 N.E.3d 498 (Ind. Ct. App. 2014), the defendant argued that the trial court should have disallowed the State's amendment to the charging information, *during trial*, to change the date of an alleged offense. We disagreed and held as follows:

> "An amendment is one of form and not substance if a defense under the original information would be equally available after the amendment and the accused's evidence would apply equally to the information in either form." *McIntyre v. State*, 717 N.E.2d 114, 125 (Ind. 1999). "Further, an amendment is of substance only if it is essential to making a valid charge of the crime." *Id.* at 125-26. Furthermore, "[w]hen time is not an element of the crime charged, or 'of the essence of the offense,' the State is only required to prove that the offense occurred at any time within the statutory period of limitations; the State is not required to prove the offense occurred on the precise date alleged." *Poe v. State*, 775 N.E.2d 681, 686 (Ind. Ct. App. 2002).
>
> In the instant matter, . . . [t]he charging information originally alleged that Bennett committed the charged crimes "on or about December 7, 2011." The State requested permission to amend the charging information to allege that Bennett committed the charged crimes "on or about December 6, 2011," after it became clear from the State's evidence that Bennett sold the cocaine in question to Sugarman during the late evening hours of December 6, 2011. The amendment requested by the State was not a

change to the substance of the charging information as time is not an element of any of the crimes charged. *See* Ind. Code §§ 35-48-4-1(a)(1), 35-48-4-6(a), 35-48-4-13(b)(1), and 35-48-4-11(1).[2] Further, under Indiana law, the allegation that Bennett committed the charged crimes "on or about December 7, 2011" clearly did not limit the State only to the events of December 7, 2011, especially in light of the fact that time is not an element of any of the crimes charged. *See Poe*, 775 N.E.2d at 686-87. As such, we conclude that time was not "of the essence," and, as a result, the State was not required to prove that the offenses occurred on the precise dates alleged.

Because time was not of the essence, we conclude that the requested amendment falls under Indiana Code section 35-34-1-5(a)(7), which again provides that a charging information "may be amended . . . at any time because of any immaterial defect, including: . . . (7) *the failure to state the time or place at which the offense was committed where the time or place is not of the essence of the offense*." (Emphases added).

*Id.* at 514.

[8]     Likewise, here, the State sought to amend Pettis' dealing in cocaine and dealing in marijuana charges by changing the dates of the alleged offenses, and time is not an element of either of those offenses.[3] I.C. §§ 35-48-4-1 and 35-48-4-10. The amendments were designed to fix immaterial defects, and the trial court did not err when it allowed the amendment five days before Pettis' trial. I.C. § 35-

---

[2] Respectively: dealing in cocaine, possession of cocaine, maintaining a common nuisance, and possession of marijuana.

[3] In the charging information, Count 6, one of the possession of cocaine charges, also included the wrong date, but the trial court dismissed that charge on the State's motion.

34-1-5; *Bennett*, 5 N.E.3d at 514. Moreover, even if it were error to allow the amendment, Pettis waived that issue when he did not move for a continuance in conjunction with his objection. *Wilson v. State*, 931 N.E.2d 914, 918 (Ind. Ct. App. 2010), *trans. denied*.

[9]     Affirmed.

Kirsch, J., and Barnes, J., concur.