## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 09 2017, 8:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark S. Lenyo
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy
Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Darrell Berry,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 9, 2017

Court of Appeals Case No.
71A03-1606-CR-1348

Appeal from the St. Joseph
Superior Court

The Honorable Julie P. Verheye,
Judge

Trial Court Cause No.
71D06-1505-CM-1299

**Bradford, Judge.**

# Case Summary

On May 4, 2015, Appellant-Defendant Darrell Berry was on his way home with his on-again-off-again girlfriend when they began to argue. The fight escalated, and Berry's girlfriend attempted to run away from him. Berry chased after his girlfriend and pushed her to the ground multiple times, causing her pain. When police arrived at the scene, Berry's girlfriend gave police her sister's name instead of her own because she had an active warrant for her arrest. Appellee-Plaintiff the State of Indiana ("the State") charged Berry with Class A misdemeanor battery resulting in bodily injury. The day of the trial, the State moved to amend the charging information to include the victim's correct name because it learned that she had misidentified herself. The trial court granted the motion over Berry's objection and the case proceeded to trial. Berry was subsequently found guilty as charged.

On appeal, Berry argues that his rights were violated because he was not given sufficient notice of the amended charge. Berry further argues that he was prejudiced by the amended charge because he had to change his defense the same day as the trial. Because Berry did not request a continuance after his objection to the amendment was overruled, he has waived this issue for appellate review, and we affirm.

# Facts and Procedural History

[3]     On May 4, 2015, Berry and China Pinkney, Berry's on-again-off-again girlfriend of approximately three years, were returning to Berry's mother's house where the couple had been living together. The couple began to have an argument while they were riding on a bus. This argument continued during a cab ride as well. At some point during the argument in the cab, Berry threatened to call the police on Pinkney because he knew she had an active warrant for her arrest. In an attempt to avoid being arrested, Pinkney jumped out of the cab and ran to get away from Berry. Berry jumped out of the cab as well, quickly caught up with Pinkney, and pushed her down to the ground. Berry continued to push Pinkney down to the ground several times as she tried to get away from him. As a result, Pinkney suffered a painful abrasion on her elbow.

[4]     Officer Anthony Ieraci was dispatched to the scene and, upon arrival, observed Berry and Pinkney arguing. When Berry saw Officer Ieraci approaching them, Berry turned around immediately and began to walk away. As soon as Pinkney saw Officer Ieraci, she too began to walk away in the same direction as Berry. Officer Ieraci stopped Berry and Pinkney and spoke to each of them separately. Pinkney initially indicated that nothing had happened between Berry and her, but she later retracted that statement. Berry was initially released because Pinkney had initially told Officer Ieraci that nothing had happened, but he was arrested shortly thereafter when Pinkney retracted her statement. Pinkney was subsequently arrested after identifying herself as her sister, Markianna Pinkney, who, as it happens, also had an active warrant.

[5]     On May 6, 2015, the State charged Berry with Class A misdemeanor battery resulting in bodily injury.  On April 19, 2016, prior to the start of trial, the State filed a motion to amend the charging information, moving to amend the name of the victim from Markianna Jashuana Pinkney to China Pinkney.  Defense counsel objected to the amendment, but the trial court granted the motion to amend and the case proceeded to bench trial that same day.  At the conclusion of the bench trial, the court found Berry guilty as charged.  This appeal follows.

## Discussion and Decision

[6]     Berry argues that his rights were violated because he was not given sufficient notice of the amended charges and was not given a reasonable opportunity to be heard regarding the amendment.  Berry further argues that he was prejudiced by the amended charges because his defense counsel had to alter the theory of his defense the day of the trial.  However, Berry did not request a continuance after his objection to the amendment was overruled.

[7]     Under Indiana Code section 35-34-1-5,

> Before amendment of any indictment or information other than amendment as provided in subsection (b), the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any continuance of the proceedings which may be necessary to accord the defendant adequate opportunity to prepare the defendant's defense.

The Indiana Supreme Court has interpreted this section to mean that, "a defendant's failure to request a continuance after a trial court allows a pre-trial substantive amendment to the charging information over defendant's objection results in waiver." *Wilson v. State*, 931 N.E.2d 914, 918 (Ind. Ct. App. 2010). Here, Berry was given the opportunity to request a continuance for the purpose of giving himself time to prepare a new defense after the trial court granted the amendment to the information over his objection. Berry chose not to pursue that course; therefore, Berry has waived this issue for appellate review.

[8] In addition, we cannot see how Berry was prejudiced by the amendment. At the time of the battery, he had dated Pinkney on-again-off-again for three years and clearly would have been aware of her true identity.

[9] We affirm the trial court's judgment.

Vaidik, C.J., and Brown, J., concur.