**Robert L. CORNELIUS, Appellant (Defendant below),**

**v.**

**STATE of Indiana, Appellee (Plaintiff below).**

No. 49S00–8606–CR–622.

Supreme Court of Indiana.

June 4, 1987.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., and Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

A jury found Robert L. Cornelius guilty of Robbery, a class B felony, and Criminal Confinement, a class B felony. He was sentenced to 15 years imprisonment on

each offense, the sentences to run concurrently. Cornelius directly appeals, raising two issues for our review: (1) sufficiency of the evidence, and (2) denial of his Motion for Mistrial.

The facts are as follows. On September 17, 1985, Cornelius and two cohorts entered a People's Drugstore in Indianapolis to steal liquor. Cornelius was not wearing any facial disguise. Cornelius entered the office area of the store where Margie Tweedy Hughes, the cashier/clerk, was counting the receipts. He displayed a knife, threatened to kill Hughes if she answered the phone, and took $617.00 in cash. He held the knife against Hughes' side and made her walk to the pharmacy to obtain more money. Cornelius pushed Hughes to the floor and then fled. Hughes testified she was "scared to death." Hughes identified Cornelius from a photographic array and in court.

## I.

Cornelius maintains his convictions for robbery and criminal confinement were based on insufficient evidence. Where the sufficiency of the evidence is challenged on review, this Court neither weighs the evidence nor determines the credibility of witnesses. Rather, we will look to the evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. We will then determine if there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt. *Hunter v. State* (1986), Ind., 492 N.E.2d 1067, 1071.

■ First, Cornelius alleges the evidence proves theft rather than robbery because the threats with the knife were made after he had the money in his possession. One who knowingly or intentionally takes property from another by using force or putting that person in fear commits robbery. If armed with a deadly weapon, the offense is a class B felony. Ind.Code Ann. § 35–42–5–1 (Burns 1985). Here, Cornelius entered an office where the victim was counting receipts. He displayed a knife and threatened to kill the victim if she answered the ringing phone. He then took $617.00 in cash from the desk. While holding the knife against the victim's side, he forced her to walk toward the pharmacy to obtain more money. The victim clearly saw his undisguised face and identified him from a photographic array and in court. Cornelius admits taking the money. He maintains he threatened the victim with a knife only after he already had the money in his possession. However, the victim's testimony conflicts with this contention. Thus, the evidence most favorable to the State shows that Cornelius intentionally took money from the victim's presence by using force and by putting her in fear, while armed with a deadly weapon. The facts support the jury's verdict of conviction for robbery.

■ Second, Cornelius claims the evidence did not show criminal confinement because the victim was taken only a few feet from her office. A person who knowingly or intentionally removes a person, by force, from one place to another, while armed with a deadly weapon, commits criminal confinement, a class B felony. Ind.Code Ann. § 35–42–3–3 (Burns Supp. 1986). Cornelius' argument that he forced the victim to go only a few feet with a knife at her side, and that such was insufficient to create confinement, is wholly without merit. The statute does not provide exceptions that depend on how far a person is moved. The essence of the offense is the restriction of a person's freedom of movement and liberty against his will. *Pyle v. State* (1985), Ind., 476 N.E.2d 124, 127. The facts show that Cornelius held his knife against Hughes' side and made her walk to the pharmacy to obtain more money. He then pushed her to the floor and fled. Thus, the evidence supports the jury's verdict of conviction for criminal confinement.

## II.

Cornelius next challenges the court's denial of his Motion for Mistrial. Cornelius' counsel objected to a question and answer relating to Cornelius' transfer from arrest to custody which showed he had been

locked up prior to trial. Counsel argued the question and answer were highly prejudicial and abrogated the defendant's presumption of innocence. Contending the error could not be cured, counsel moved for a mistrial. The Court denied the mistrial motion and admonished the jury to disregard the question and answer. Cornelius maintains the information given to the jury constituted an evidentiary harpoon which so injured his defense as to render any verdict unfair. He also states the court's admonishment was insufficient in that it only called attention to the error.

 A mistrial is an extreme remedy warranted only where the defendant was placed in a position of grave peril to which he should not have been subjected, and lesser curative measures will not suffice. *Kinser v. State* (1986), Ind., 501 N.E.2d 1041, 1044; *Wallace v. State* (1985), Ind., 486 N.E.2d 445, 457–58, *cert. denied*, —— U.S. ——, 106 S.Ct. 3311, 92 L.Ed.2d 723 (1986). This Court will reverse the trial court only for an abuse of discretion when a defendant claims a mistrial was improperly denied. *Johnson v. State* (1982), Ind., 432 N.E.2d 1358, 1360.

In considering allegations of the use of an evidentiary harpoon, we analyze whether the evidence was intentionally interjected despite its known inadmissibility, whether there was a serious conflict in the evidence, the degree to which the defendant was implicated by the evidence under scrutiny, and the trial court's admonishment to the jury. *English v. State* (1985), Ind., 485 N.E.2d 93, 95; *Davis v. State* (1981), 275 Ind. 509, 418 N.E.2d 203, 205. Admonition to the jury usually is presumed to cure any errors in the admission of evidence. *English*, 485 N.E.2d at 95.

 In the case at bar, the question and answer showed that Cornelius had been locked up prior to trial. This information did not place him in grave peril. Further, the evidence did not clearly indicate the prosecutor intentionally elicited inadmissible information. Moreover, there was such overwhelming evidence of Cornelius' guilt that any prejudice which may have resulted from the statement was adequately cured

by the trial court's admonishing the jury. The trial court was within its discretion in deciding that by admonishing the jury, it had cured any error.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.