Ronald STOVER, Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee–
Plaintiff Below.

No. 49A02–9304–CR–171.

Court of Appeals of Indiana,
Third District.

Oct. 14, 1993.

**666**

Richard D. Gilroy, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

Ronald Stover appeals his convictions of rape, a class B felony,[1] and criminal confinement, a class D felony.[2] He presents three issues for our review:

   I.  Whether the trial court was required to have Stover re-examined for competency at the time of the sentencing hearing.

  II.  Whether the trial court improperly imposed an enhanced sentence upon Stover.

 III.  Whether there exists sufficient evidence having probative value to support Stover's convictions.

We affirm in part, reverse in part, and remand for a particularized sentencing statement.

Pursuant to a bench trial, Stover was convicted of raping and criminally confining J.H. on February 13, 1990, while J.H. and Stover were patients at an Indianapolis psychiatric facility. Stover received sentences of fifteen years and three years, to be served concurrently.

1. IND.CODE 35–42–4–1.

## I.

### Competency Determination

Prior to trial, the court appointed two psychiatrists to conduct a psychiatric evaluation of Stover. Following a hearing, Stover was found competent to stand trial. However, at the sentencing hearing, defense counsel indicated to the court that Stover was no longer receiving medication and requested an additional competency hearing. This request was denied.

A competency hearing is required by IND.CODE 35–36–3–1 only where there is evidence before the trial court creating a reasonable and bona fide doubt as to the defendant's competency to stand trial. *Brown v. State* (1987), Ind., 516 N.E.2d 29, 30. The determination of whether reasonable grounds exist to order an evaluation of competency is within the trial court's discretion and we review only for an abuse of that discretion. *Id.*

I.C. 35–36–3–1(a) provides in pertinent part:

"If at any time before the final submission of any criminal case to the court or the jury trying the case, the court has reasonable grounds for believing that the defendant lacks the ability to understand the proceedings and assist in the preparation of his defense, the court shall immediately fix a time for hearing to determine whether the defendant has that ability. The court shall appoint two (2) or three (3) competent, disinterested psychiatrists, psychologists endorsed by the Indiana state board of examiners in psychology as health service providers in psychology, or physicians, at least one (1) of whom must be a psychiatrist, who shall examine the defendant and testify at the hearing as to whether the defendant can understand the proceedings and assist in the preparation of the defendant's defense."

In compliance with the foregoing statute, the trial court ordered the pre-trial psychiatric examination of Stover, conduct-

2. IND.CODE 35–42–3–3.

ed a hearing and concluded (in accordance with the evaluations of the examining psychiatrists) that Stover was competent to understand the proceedings and assist in the preparation of his own defense. In light of Stover's lucid responses to the trial court's inquiries at the sentencing hearing, we find no abuse of discretion in the trial court's refusal to have Stover re-examined.[3]

## II.

### Sentencing

Next, Stover contends that the trial court imposed an enhanced sentence upon him without a sufficient articulation of the aggravating and mitigating factors disclosed by the record.

■ The trial court has the discretion to determine whether a sentence will be enhanced or mitigated due to aggravating or mitigating factors. *Concepcion v. State* (1991), Ind., 567 N.E.2d 784, 790. Mitigating factors are not a mandatory consideration in sentencing. Only one valid aggravating factor need be shown to sustain the enhancement of a presumptive sentence. *Id.* at 791. *Id.*

■ Where the trial court finds aggravating or mitigating circumstances, it is required to state its reasons. The statement should include: an identification of the significant aggravating and mitigating circumstances, specific facts and reasons leading the court to find the existence of such circumstances and an articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence. *Slaton v. State* (1987), Ind., 510 N.E.2d 1343, 1351.

■ In imposing sentence upon Stover, the trial court stated:

"The Court has read the pre-sentence and did read the sentencing resource—or Mr. Dennis' report that was sentenced at this time (sic). The Court has also considered the doctors' evaluations that were done previously in this matter and made those a part of the record during the findings at the court trial. At this time the Court is going to sentence the Defendant as to Count I, a period of fifteen years; as to Count II, a period of three years, both of which will run concurrently with each other."

Record, pp. 278–79.

We agree with Stover that the trial court failed to particularly identify any relevant aggravating and mitigating factors. We therefore remand the matter to the trial court for the imposition of the presumptive sentence or a particularized statement of factors supporting a deviation from the presumptive sentence.

## III.

### Sufficiency of the Evidence

■ Finally, Stover challenges the sufficiency of the evidence in support of his convictions for rape and criminal confinement. He initially argues that the record fails to disclose that the trial court considered the pre-trial testimony of the victim. Alternatively, he argues that this testimony was improperly considered by the trial court because the victim was incompetent to testify.

The victim (J.H.) is developmentally disabled, possessing the mental capability of a child of five to ten years of age. Her examining psychiatrists testified that J.H.'s trial participation would be detrimental to her. Record, pp. 128, 152. Therefore, pur-

---

**3.** At the sentencing hearing, the following exchange occurred:

Court: Mr. Stover, do you have anything you'd like to tell me this morning?

[Stover]: I'm just recovering from a divorce. I was married eight and a half years. I'm a recovering alcoholic at Central State. And that incident at Methodist, that happened two and a half years ago.

Court: I know. It's been a long time, hasn't it?

[Stover]: Yeah, I was fishing at Geist and I guess they called and I talked to the detective not too far from here, and he said that—I stated that it wasn't me that did it. And so I've been in the jail for about ten months, and that was two and a half years ago.

Record, pp. 275–76.

suant to IND.CODE 35-37-4-6, J.H. was permitted to testify at a pre-trial hearing rather than at trial. The State and Stover stipulated that J.H.'s pre-trial testimony would be incorporated into the trial record. Record, p. 237. Clearly, J.H.'s testimony was available for the trial court's consideration.

■ Moreover, Stover failed to challenge at the trial court level J.H.'s competency to testify and may not now complain that her testimony lacks probative value, as failure to object at trial waives an issue for appellate review. *Jester v. State* (1990), Ind., 551 N.E.2d 840, 842.

■ Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242. J.H. testified that Stover raped her; she further explained that he touched her "front place where she used the bathroom" with his "hotdog," causing her pain. Record, pp. 168–69. There is sufficient evidence having probative value to support Stover's conviction of rape.

■ However, there is a lack of evidence having probative value to support Stover's conviction of criminal confinement. Where a rapist confines a victim beyond that integral to the act of rape, separate acts are committed and a defendant may properly be convicted of both rape and criminal confinement. *Holderfield v. State* (1991), Ind., 578 N.E.2d 661, 663, *reh. denied.*

Here, the State points to testimony that Stover "lay on top of J.H." J.H. testified that Stover was lying down on top of her, but did not testify that this took place either before or after the rape occurred.[4] Psychiatric attendant Porter Johnson testified that he observed Stover lying on J.H. However, his testimony does not establish

that this occurred either prior to or after an act of intercourse. Johnson testified:

> [Johnson]: I discovered a couple of patients on the floor and they appeared to be having sex.

Record, p. 242.

> Question: So you didn't really see whether or not he was actually having intercourse?
>
> [Johnson]: No, it just appeared that that's what was going on.
>
> Question: There was this patient laying on her and that was it?
>
> [Johnson]: Yes, that's about all I saw.

Record, p. 245.

Inasmuch as the criminal confinement conviction is unsupported by sufficient evidence having probative value, it must be reversed. We affirm Stover's rape conviction, however, and remand for resentencing in accordance with the foregoing opinion.

Affirmed in part, reversed in part, and remanded for resentencing.

GARRARD and CONOVER, JJ., concur.

---

4. J.H. testified:

Q: What did the boy do?
[J.H.]: He touched my thing under my dress.
Q: When he did that, where was he?
[J.H.]: In the TV room.
Q: Were you sitting down or lying down?

[J.H.]: Laying down.
Q: And what was he doing?
[J.H.]: Lying down.
Q: Beside you or on top of you or—
[J.H.]: On top of me and beside me.
Record, p. 170.