**Henry CUNNINGHAM, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0612–CR–1138.

Court of Appeals of Indiana.

July 25, 2007.

Gregory Bowes, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Maureen Ann Bartolo, Special Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Henry Cunningham was convicted and sentenced for confinement[1] as a Class B felony and battery[2] as a Class C felony. Cunningham raises two issues, one of which we find dispositive and restate as: whether there was sufficient evidence to prove he committed the offense of confinement.

We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On March 27, 2006, Susan Cunningham (Cunningham's wife) and her friend Lisa Blackman were at the Cunninghams' home in Marion County, Indiana. Susan and Lisa went to an AA meeting that day, and on the way home, Lisa had to take over the driving since Susan was under the influence of various prescription drugs. Later that evening, Lisa and her two children returned to Susan's home to do laundry. Susan returned a few minutes later and was still under the influence.

Cunningham came home after midnight. Right after he returned, Susan received a cell phone call where she whispered to the caller. Thereafter, Cunningham ordered Lisa to leave. Five minutes after Lisa returned to her home, she received a call from Cunningham stating that Susan had been cheating on him, he had hit her, and he was going to teach her a lesson. *Tr.* at 15. Lisa testified that she heard Susan

---

1. *See* IC 35–42–3–3.

2. *See* IC 35–42–2–1.

crying in the background. *Id.* at 20. Cunningham also told Lisa that there was blood everywhere and again that he was going to teach her a lesson. *Id.*

The following morning, Lisa learned that Susan was in the hospital. Later that day, she went to visit Susan and observed the significant injuries Cunningham inflicted. Lisa testified that Susan's face was swollen, one eye was swollen shut, and she was in extreme pain. *Id.* at 23. After Lisa took Susan to the pharmacy, she took her to the police department to file a report. The officers completed an investigation, which included taking a statement, taking pictures, and sending an officer to speak with Cunningham. After being Mirandized, Cunningham admitted the assault.

The State charged Cunningham with battery as a Class B felony, criminal confinement as a Class B felony, and intimidation as a Class D felony. After Cunningham waived his right to a jury trial, the trial court found him guilty of battery as a Class C felony and criminal confinement as charged. Regarding the confinement, the trial court stated, "I'm extremely troubled because of the lack of——your victim saying that she tried to escape, but I think we can infer it from the amount of damage done." *Tr.* at 156.

The trial court found that the battery offense merged into the confinement offense because, according to the trial court, the facts used to prove the battery created the inference of confinement. The trial court found that the aggravators and mitigators balanced out and sentenced Cunningham to ten years for the Class B felony confinement with four years suspended. Cunningham now appeals.

## DISCUSSION AND DECISION

When we review sufficiency of the evidence, we do not reweigh the evidence or assess the credibility of witnesses. *Davis v. State,* 835 N.E.2d 1102, 1111 (Ind.Ct. App.2005) (citing *Hawkins v. State,* 794 N.E.2d 1158, 1164 (Ind.Ct.App.2003)). We consider only the probative evidence and reasonable inferences that support the trier of fact's conclusion that the defendant is guilty beyond a reasonable doubt. *Id.* "If, from this examination, there is evidence of probative value from which a rational trier of fact could infer guilt beyond a reasonable doubt, then we will affirm the conviction." *Graham v. State,* 713 N.E.2d 309, 311 (Ind.Ct.App.1999), *trans. denied.*

■ Cunningham contends the evidence was insufficient to support his conviction for confinement because the State offered no direct evidence that Cunningham restrained Susan's liberty. He claims the trial court's inference of restraint based on Susan's injuries was improper, and that no other evidence of restraint existed other than the striking, which was used to convict him of battery.

■ In order to convict Cunningham of confinement as a B felony here, the State must have proven: Cunningham knowingly confined Susan without her consent by preventing her from escaping by constant physical assault that resulted in serious bodily injury. IC 35–42–3–3. *See also Appellant's App.* at 26. "The offense of confinement requires proof of a substantial interference with a person's liberty without the person's consent." *Lyles v. State,* 576 N.E.2d 1344, 1352 (Ind.Ct.App.1991), *abrogated on other grounds.* Our courts of appeal have held that in order to prove confinement beyond the main crime charged, there must be something more than the act necessary to effectuate the crime, albeit, rape, theft, escape or battery. *See McDonald v. State,* 511 N.E.2d 1066, 1068 (Ind.1987); *Stover v. State,* 621 N.E.2d 664, 668 (Ind.Ct.App.1993); *Sam-*

*mons v. State,* 397 N.E.2d 289, 294 (Ind.Ct. App.1979).

■ Here, the trial court noted no direct evidence of confinement but concluded that because of the damage done to Susan, there was an inference that supported a finding that Cunningham had confined Susan. However, Susan did not testify that she felt confined. An inference of confinement does not arise from evidence of injury to the victim. If so, every battery as a Class C felony would also constitute Confinement as a Class B felony. Notwithstanding a double jeopardy issue,[3] if this had been the legislative intent, it could have been so stated. Here, the inference on which the trial court relied cannot be drawn beyond a reasonable doubt. Other inferences (that victim was so under the influence of drugs that she was unable to resist in any way; that victim was passed out and that is why she cannot remember) are as equally plausible. We reverse and remand to re-sentence Cunningham on his battery conviction alone.

Reversed and remanded with instructions.

DARDEN, J., and MATHIAS, J., concur.

---

3. The State cites *Wethington v. State,* 560 N.E.2d 496, 508 (Ind.1990), for the maxim "[a]ny amount of force can cause a confinement because force, however brief, equals confinement." In that case, the Supreme Court reviewed whether the defendant could be guilty of both theft and confinement. The Court held:

> there is no doubt that appellant confined the [victim]s, but because the acts alleged by the State to substantiate a necessary element of the robbery charge, i.e., the force that was used to effectuate the taking, are precisely coextensive with the acts alleged as constituting a violation of the criminal confinement statute, the convictions on both counts cannot stand. The conviction and sentence on the confinement charge are reversed.

