**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 19 2014, 10:10 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PATRICIA CARESS MCMATH**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LYUBOV GORE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| TORRENCE BROWN, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A04-1404-CR-172 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
Cause No. 49G03-1304-FA-26283

**November 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Torrence Brown ("Brown") was convicted after a jury trial of Rape, a Class A felony;[1] Criminal Deviate Conduct, as a Class B felony;[2] and Criminal Confinement, as a Class D felony.[3]  Brown now appeals.

We affirm.

## Issues

Brown raises two issues for our review, which we restate as:

I.     Whether there was sufficient evidence to support the conviction for Criminal Confinement; and

II.    Whether his sentence was inappropriate.

## Facts and Procedural History

On December 30, 2012, M.R. was with friends who had gathered at a bar in Broad Ripple to watch a college basketball game.  M.R. had left her car nearby at a friend's home, and planned to spend the night there after the game.  One group of friends left the bar; M.R. decided to stay behind with another group, but was unable upon reentering the bar to find her friends.  Eventually, M.R. decided to walk the two blocks from the bar to the house at which she planned to spend the night.

---

[1] Ind. Code § 35-42-4-1(a) & (b)(1) (West 2013).  In light of revisions to the criminal statutes that went into effect after Brown's trial and conviction, all statutory citations refer to the versions of the substantive provisions in effect at the time of trial.

[2] I.C. § 35-42-4-2(a).

[3] I.C. § 35-42-3-3.

Sometime during this walk, M.R. encountered Brown and his cousin, Dewayne Lane ("Lane"). Brown and Lane transported M.R. in a car to a house in Indianapolis where Brown and Lane forced M.R. to engage in vaginal, anal, and oral sex. Brown kicked and beat M.R. at this time.

After this, Brown and Lane again put M.R. in a car; M.R. asked to go home and promised not to tell anyone what had happened. Brown and Lane instead took M.R. to the 1900 block of North Moreland Avenue in the Haughville neighborhood of Indianapolis. There, Brown again battered M.R., repeatedly kicking her head and body.

After the two men left, M.R. was unable to find her purse or cell phone. Bleeding and in severe pain, M.R. approached a nearby house. The house's occupants did not let M.R. inside, but called 911. M.R. was transported by ambulance to a hospital, where she was diagnosed with significant injuries to her head, including hemorrhages and multiple skull fractures.

Police traced M.R.'s cell phone to Lane's home. Lane spoke with police and identified Brown as a second suspect. Hospital staff had used a rape kit to examine M.R.; sperm cells were recovered, and DNA testing of those cells identified the sperm cells having come from both Brown and Lane.

On April 22, 2013, Brown was charged with Rape, as a Class A felony ("Count I"); two counts of Criminal Deviate Conduct, as Class A felonies ("Count II" and "Count III");[4]

---

[4] I.C. §§ 35-42-4-2(a) & (b)(3).

Rape, as a Class B felony ("Count IV");[5] two counts of Criminal Deviate Conduct, as Class B felonies ("Count V" and "Count VI");[6] Criminal Confinement, as a Class B felony ("Count VII");[7] and Battery, as a Class C felony ("Count VIII").[8]

A jury trial was conducted from March 3 to March 5, 2014. At the end of the trial, the jury found Brown guilty as to Counts I (A-felony Rape), II (A-felony Criminal Deviate Conduct), IV (B-felony Rape), V (B-felony Criminal Deviate Conduct), VII (B-felony Criminal Confinement), and VIII (C-felony Battery).

A sentencing hearing was conducted on March 20, 2014. Under double jeopardy principles, the trial court reduced the guilty finding on Criminal Deviate Conduct from a Class A felony to a Class B felony, reduced the guilty finding for Criminal Confinement from a Class B felony to a Class D felony, vacated the guilty verdict for Battery, merged several counts, and entered judgments of conviction against Brown under Count I for Rape, as a Class A felony; under Count II for Criminal Deviate Conduct, as a Class B felony; and under Count VII for Criminal Confinement, as a Class D felony. At the hearing's conclusion, the trial court sentenced Brown to thirty years imprisonment for Rape, ten years imprisonment for Criminal Deviate Conduct, and eighteen month imprisonment for Criminal Confinement. The court ran the sentences for Rape and Criminal Confinement concurrent with one another, and the sentences for Rape and Criminal Deviate Conduct consecutive to one another,

---

[5] I.C. § 35-42-4-1(a).

[6] I.C. § 35-42-4-2(a).

[7] I.C. §§ 35-42-4-3-3(a) & (b)(2).

[8] I.C. § 35-42-2-1(a)(3).

4

yielding an aggregate term of imprisonment of forty years. The court also ordered Brown to pay restitution totaling $2,350.00.

This appeal ensued.

**Discussion and Decision**

Sufficiency of the Evidence

Brown's first contention on appeal is that there was insufficient evidence to support his conviction for Criminal Confinement. Our standard of review in such cases is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. Id. We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." Id. (quoting Pickens v. State, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

Brown was convicted of Criminal Confinement, as a Class D felony. To convict Brown, as charged, the State was required to prove beyond a reasonable doubt that Brown knowingly, by force or threat of force, removed M.R. from Broad Ripple to the 1900 block of North Moreland Avenue, which use of force resulted in serious bodily injury to M.R. See I.C. §§ 35-42-3-3(a) & (b)(2).

Brown contends in this appeal that the State failed to introduce sufficient evidence as to Brown's use of force to effect M.R.'s removal. Brown argues that the absence of evidence

5

in the form of testimony from M.R. establishing how Brown and Lane first made contact with M.R. in Broad Ripple, and the similar absence of evidence from M.R. regarding her getting into the car both in Broad Ripple and at the house in which the men raped her, amounts to a failure of proof that Brown used force to compel M.R. to get into the car with him.

Brown directs us to Cunningham v. State for the proposition that "[a]n inference of confinement does not arise from evidence of injury to the victim." 870 N.E.2d 552, 554 (Ind. Ct. App. 2007). The facts in Cunningham are readily distinguished from those here. In Cunningham, the defendant severely beat his wife in their shared home after he returned home. Id. at 552-53. There was no evidence establishing that Cunningham's wife attempted to leave the residence, Cunningham restrained his wife in any way, or Cunningham's wife ever "felt confined." Id. at 554. The trial court's sole basis for an inference that Cunningham's wife had been confined was the presence of the injuries Cunningham had inflicted; this Court concluded that this alone was insufficient to sustain the judgment of Criminal Confinement against Cunningham. Id.

Here, unlike in Cunningham, there was evidence beyond M.R.'s injuries sufficient to support Brown's conviction for Criminal Confinement. Lane testified that after both he and Brown had engaged in sexual conduct with M.R., Lane came out of the bathroom to find Brown forcing M.R. to engage in oral sex. Lane further testified that Brown then began to hit and kick M.R. After this episode, the men put M.R. into a car and, rather than transport

6

her home as she requested, took her to a third location, where Brown again beat M.R. before finally abandoning her in the snow.

Brown observes that while he and Lane testified concerning M.R. getting into the car, there is no corresponding testimony from M.R. But as the State notes, this evidence is lacking because M.R. incurred head injuries as a result of Brown's battering of her on two occasions, and these injuries likely resulted in memory loss related to the events of the night of December 30, 2012. The evidence, taken in a light most favorable to the judgment, is that after raping and beating M.R., Brown and Lane took M.R. to the 1900 block of North Moreland Avenue without her consent and further beat her before leaving her alone, lying in the snow without her purse or phone.

This is sufficient evidence from which a jury could reasonably infer that Brown used force upon M.R. to compel her to get into the car with him and Lane after the two men raped her. We accordingly decline Brown's invitation to reweigh evidence and vacate his conviction as to Criminal Confinement.

<u>Sentencing</u>

Brown also challenges the appropriateness of his sentence. The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law,

appellate courts may revise sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. Cardwell v. State, 895 N.E.2d 1219, 1222-25 (Ind. 2008); Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. Cardwell, 895 N.E.2d at 1225.

Here, Brown was convicted of Rape, a Class A felony, which carried a sentencing range of twenty to fifty years, with an advisory term of thirty years, I.C. § 35-50-2-4; Criminal Deviate Conduct, a Class B felony, which carried a sentencing range of six to twenty years, with an advisory term of ten years, I.C. § 35-50-2-5; and Criminal Confinement, as a Class D felony, which carried a sentencing range of six months to three years, with an advisory term of eighteen months. I.C. § 35-50-2-7. The trial court sentenced Brown to the advisory term for each of the three offenses, ran the sentence for Criminal Confinement concurrent with the sentence for Rape, and ran the sentences for Rape and Criminal Deviate Conduct consecutive to one another. This yielded an aggregate term of imprisonment of forty years. Brown contends that his sentence is inappropriate because Lane, his co-defendant, was sentenced to a shorter term of incarceration of twenty years.

Brown's offenses here are especially egregious. Brown engaged in multiple forcible sex acts with M.R., after which he beat her. And while Brown is correct that Lane also engaged in this conduct, Brown—not Lane—initiated both the sex acts and the other acts of physical violence against M.R. These acts escalated in severity to such a degree that M.R. suffered multiple facial fractures, multiple hemorrhages, numerous injuries to her body, and

8

memory loss, as well as the pain and injuries inflicted as a result of multiple forced sex acts. In the wake of Brown's offenses, M.R., a college student with plans to attend law school, suffered ongoing psychological trauma and required ongoing psychological treatment.

Brown's character also does not speak well of him. Brown has multiple misdemeanor convictions, including multiple convictions for possession of marijuana and driving while his operating privileges were suspended, as well as a conviction for operating a vehicle while intoxicated. During the pendency of this case before the trial court, charges were pending against Brown in two separate matters: one charge alleged that he engaged in conspiracy to deal in cocaine, as a Class A felony, and the other alleged still another commission of driving with a suspended license. He was twice sentenced to probation; in both cases, he violated terms of probation and had his probation revoked. As a juvenile, Brown was adjudicated as a delinquent for an act that, if committed by an adult, would have constituted battery. As noted above, Brown has a history of substance abuse. He did not obtain a high school diploma or GED.

While Brown is correct that Lane received a lenient sentence by way of comparison, Lane pled guilty in the case and did not initiate the severe beating of M.R.; this was Brown's doing. We accordingly cannot conclude that Brown's sentence was inappropriate.[9]

---

[9] We note that the particularly egregious nature of the offense here would not render inappropriate a considerably more aggravated sentence than that requested by the State and imposed by the trial court. Were we writing on a blank slate, we might have assessed a stiffer penalty. In recognition of the trial court's role in sentencing, we defer here to the trial court's judgment, which the State does not challenge on cross-appeal. See Akard v. State, 937 N.E.2d 811, 813-14 (Ind. 2010).

**Conclusion**

There was sufficient evidence to support Brown's conviction for Criminal Confinement. Brown's sentence is not inappropriate.

Affirmed.

NAJAM, J., and PYLE, J., concur.