## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 30 2015, 8:42 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Joas & Stotts
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gary Allen Gibson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 30, 2015<br><br>Court of Appeals Cause No.<br>39A05-1404-CR-156<br><br>Appeal from the Jefferson Circuit Court.<br>The Honorable Darrell M. Auxier, Judge.<br>Cause No. 39C01-1308-FB-845 |

**Darden, Senior Judge**

## Statement of the Case

[1]    Gary Allen Gibson appeals his convictions by jury of aggravated battery

as a Class B felony[1] and criminal confinement as a Class D felony[2] as well as the sixteen-year executed sentence imposed thereon. We affirm.

## Issues

Gibson raises two issues for our review:

    I.      Whether there is sufficient evidence to support his aggravated battery and criminal confinement convictions; and

    II.     Whether his sixteen-year executed sentence is inappropriate.

## Facts and Procedural History

In July 2012, John Taulbee, his wife, Joyce, and his son, J.D., purchased pseudoephedrine on the same day. The family's purchases led to an investigation by the Madison Police Department. During the investigation, Detective Jonathan Simpson learned that the Taulbees purchased the pseudoephedrine for Darci McFadden, who is Gibson's stepdaughter. Based on information received from the Taulbees, Madison Police Department officers went to a home where methamphetamine was being manufactured. The officers arrested the occupants of the house, including Darci and her

[1] Ind. Code § 35-42-2-1.5 (1997).

[2] Ind. Code § 35-42-3-3 (2006).

boyfriend, Christopher Peel. All members of the Taulbee family testified pursuant to subpoenas at Peel's trial. Peel was convicted of manufacturing methamphetamine and sentenced to thirty years.

[4] On August 5, 2013, Taulbee and Brandon Cope were standing on a street outside talking on opposite sides of a car while Cope was watching his three-year-old son. Suddenly, Gibson walked up behind Taulbee, grabbed Taulbee's ponytail, and struck Taulbee in the head three or four times. Taulbee then ran around the front of the car where Dustin McFadden, Darci's brother, knocked Taulbee to the pavement. While Taulbee was lying on the ground, both Gibson and McFadden kicked Taulbee in the face. The two men told Taulbee, "[w]e said we'd get you and we got you." Tr. p. 139. Darci, who had arrived on the scene at this point, yelled, "that's what snitches get." *Id.* at 295. Someone yelled "cops," and Gibson and McFadden fled. *Id.* at 139.

[5] Taulbee was transported by ambulance to the local hospital. As a result of the beating, Taulbee suffered a fractured nose, eye trauma, and a subdural hematoma, which is bleeding in the brain. He was transferred by helicopter to the University of Louisville Hospital so that he could have immediate surgery if the hematoma became life-threatening. Taulbee was discharged from the hospital the following day when the hematoma did not worsen. Taulbee has suffered from blurred vision since the beating to the point that he cannot obtain his commercial driver's license.

[6] A jury convicted Gibson of aggravated battery as a Class B felony and criminal confinement as a Class D felony. At the sentencing hearing, the State presented evidence that during phone calls while in jail after his arrest, Gibson referred to Taulbee as, among other things, a "f***ing dumbs**t," a "f***ing p***y a** b***h," and a "snitch'n a** little punk." State's Exhibit 40, p. 1. The trial court found the following aggravating factors: 1) the motive for battering Taulbee was retaliation for his testimony as a subpoenaed State's witness in a drug trial, which is an attack on the court system and has the effect of discouraging potential witnesses from testifying; 2) Gibson demonstrated no remorse as evidenced by the derogatory statements Gibson made about Taulbee while Gibson was incarcerated, which indicated that Gibson was likely to further injure Taulbee if given the opportunity to do so; 3) the crime of violence was committed in front of a young child; and 4) Gibson has a significant criminal history, which includes several misdemeanor convictions as well as one felony conviction. The trial court found no mitigating factors and sentenced Gibson to sixteen years for the Class B felony and two and one-half years for the Class D felony. The trial court ordered the sentences to run concurrently for a total executed sentence of sixteen years. Gibson appeals his convictions and sentence.

## Discussion and Decision

### I.   Sufficiency of the Evidence

[7] Gibson argues that there is insufficient evidence to support his convictions. In reviewing the sufficiency of the evidence, this Court will affirm the convictions

if the probative evidence and reasonable inferences to be drawn therefrom could allow a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). On appeal, we do not reweigh the evidence or judge the credibility of witnesses. *Fields v. State*, 679 N.E.2d 898, 900 (Ind. 1997). Rather, we look only to the evidence and reasonable inferences supporting the judgment to determine whether the trier of fact could reasonably reach the conclusion. *Id.* If there is substantial evidence of probative value supporting a conviction, this Court will not set the judgment aside. *Id.*

### *A. Aggravated Battery*

[8] Gibson first contends there is insufficient evidence to support his aggravated battery conviction. To convict Gibson of aggravated battery as a Class B felony, the State had to prove that Gibson knowingly or intentionally inflicted injury on Taulbee that created protracted loss or impairment of the function of a bodily member or organ. *See* Indiana Code § 35-42-2-1.5. Gibson's sole contention is that the State failed to prove that the "injury inflicted on Taulbee created a protracted . . . impairment . . . ." Appellant's Br. pp. 11-12.

[9] This Court has previously explained that protracted means "to draw out or lengthen in time," *Neville v. State*, 802 N.E.2d 516, 518 (Ind. Ct. App. 2004), *trans. denied*, and that impairment means the "fact or state of being damaged, weakened, or diminished." *Fleming v. State*, 833 N.E.2d 84, 89 (Ind. Ct. App. 2005). In *Mann v. State*, 895 N.E.2d 119, 122 (Ind. Ct. App. 2008), this Court held that the victim experiencing "muffled hearing" for two months after the

attack met the statutory definition of protracted impairment and provided sufficient evidence to support Mann's aggravated battery conviction. Similarly, Taulbee experiencing blurred vision for fifteen months after the attack meets the statutory definition of protracted impairment and provides sufficient evidence to support Gibson's conviction. Furthermore, his injury was severe enough to prevent him from obtaining a commercial driver's license.

## B. Criminal Confinement

Gibson also challenges the sufficiency of the evidence to support his criminal confinement conviction as an accomplice. To convict Gibson of criminal confinement as a Class D felony, the State had to prove that Gibson knowingly or intentionally confined Taulbee without Taulbee's consent. *See* Ind. Code § 35-42-3-3. To confine means to substantially interfere with the liberty of a person. Ind. Code § 35-42-3-1 (1977). The essence of the offense is the restriction of the person's movement and liberty against his will. *Cornelius v. State*, 508 N.E.2d 548, 549 (Ind. 1987).

The accomplice liability statute, Indiana Code Section 35-41-2-4 (1977), does not set forth a separate crime, but merely provides a separate basis of liability for the crime. *Hampton v. State*, 719 N.E.2d 803, 807 (Ind. 1999). Therefore, an individual who aids another person in committing a crime is as guilty as the actual perpetrator. *Id.* The particular facts and circumstances of each case must be considered in determining whether a person participated in the commission of an offense as an accomplice. *Griffin v. State*, 16 N.E.3d 997, 1003 (Ind. Ct. App. 2014). The following four factors are relevant to show that one acted as

an accomplice to a crime: 1) presence at the scene of the crime; 2) companionship with another at the scene of the crime; 3) failure to oppose the commission of the crime; and 4) course of conduct before, during, and after the occurrence of the crime. *Id.* at 1004.

[12] Here, the evidence reveals that Gibson was present when McFadden knocked Taulbee to the ground and restricted Taulbee's liberty and movement against his will. Gibson did not oppose the confinement. Rather, while Taulbee was confined on the ground, Gibson kicked Taulbee in the head. Gibson's conduct before, during, and after the criminal confinement supports his conviction of criminal confinement as an accomplice.

## II. Inappropriate Sentence

[13] Gibson next argues that his sentence is inappropriate. Article VII, section 4 of the Indiana Constitution authorizes independent appellate review of sentences. *Rice v. State*, 6 N.E.3d 940, 946 (Ind. 2014). This review is implemented through Indiana Appellate Rule 7(B), which states that we may revise a sentence, even if authorized by statute, if after due consideration of the trial court's decision, the sentence is inappropriate in light of the nature of the offense and the character of the offender. In determining whether a sentence is inappropriate, this Court looks at the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

Gibson bears the burden on appeal of persuading us that his sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[14] As to the nature of the offense, Gibson severely beat Taulbee for testifying pursuant to a subpoena against Gibson's stepdaughter's boyfriend. We agree with the trial court that this was an attack upon the criminal justice system. In addition, Taulbee was so badly beaten that he has had blurred vision for over a year and was unable to obtain a commercial driver's license as a result. Lastly, the beating occurred in the presence of a three-year-old child.

[15] As to the character of the offender, we note that the significance of a criminal history in assessing a defendant's character is based on the gravity, nature, and number of prior offenses in relation to the current offense. *Moss v. State*, 13 N.E.3d 440, 447 (Ind. Ct. App. 2014), *trans. denied*. Here, Gibson has an extensive criminal history that includes one felony and several misdemeanor convictions, including convictions for resisting law enforcement and battery resulting in bodily injury. Clearly, Gibson has not reformed his criminal behavior despite his numerous contacts with the criminal justice system. In addition, after the beating, Gibson continued to make derogatory comments about Taulbee. We agree with the trial court that these comments demonstrate Gibson's lack of remorse for the beating and indicate Gibson is likely to further harm Taulbee given the opportunity to do so. Considering the nature of the offense and Gibson's character, Gibson has not met his burden of proving that his sentence is inappropriate.

Affirmed.

Kirsch, J., and Brown, J., concur.