

FILED

Feb 03 2015, 9:52 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

William Hackl Brainard
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dustin McFadden

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 3, 2015

Court of Appeals Cause No.
39A01-1404-CR-162

Appeal from the Jefferson Circuit
Court, The Honorable Darrell M.
Auxier, Judge
Cause No. 39C01-1308-FB-846

**Vaidik, Chief Judge.**

# Case Summary

[1] Dustin McFadden was convicted of Class B felony criminal confinement and Class B misdemeanor battery. The trial court sentenced McFadden to six months for battery and fourteen years for criminal confinement. McFadden now appeals, challenging the sufficiency of evidence underlying his criminal-

confinement conviction. He also argues that his sentence for criminal confinement is inappropriate. Because there is no independent evidence to establish confinement beyond the evidence used to establish that McFadden committed battery, we conclude that the evidence is insufficient to support McFadden's criminal-confinement conviction. We therefore reverse and remand with instructions.

# Facts and Procedural History

In August 2013 McFadden attended a birthday party for his fiancée's child. The party took place at the apartment complex where McFadden lived. John Taulbee was also at the apartment complex that day. Taulbee and McFadden knew each other; Taulbee had testified against McFadden's sister in an unrelated criminal case. Taulbee was visiting another resident of the apartment complex. Tr. p. 126.

Taulbee was standing outside talking to the resident when Gary Gibson, McFadden's stepfather, approached and hit him in the head three times.[1] *Id.* at 132. Gibson then grabbed Taulbee's ponytail and struck him in the face, causing Taulbee to fall and hit his head on the pavement. McFadden and a third man approached and began pushing, hitting, and kicking Taulbee. *Id.* at 136, 139, 265. McFadden also grabbed Taulbee's hair. *Id.* at 136, 138, 265.

---

[1] Gibson was McFadden's co-defendant at trial.

The men yelled, "We said we'd get you and we got you," and called Taulbee a "snitch" while they battered him. *Id.* at 139, 247, 295.

[4] Taulbee suffered significant injuries and was hospitalized for four days. *Id.* at 143. Doctors treated Taulbee for a fractured nose, subdural hematoma, an abrasion to the back of his head, and a contusion near his left eye. *See id.* at 342-46, 355. Taulbee's nose required surgery and his injuries compromised his vision in his left eye for a period of time. *Id.* at 143-45. At trial, Taulbee testified that the pain he suffered as a result of the battery was greater than a past accident in which he lost his thumb in a shear press. *Id.* at 143 ("[I]'d rather have my thumb get cut off again.").

[5] The State charged McFadden with Class B felony aggravated battery, two counts of Class B felony criminal confinement, and Class C felony battery resulting in serious bodily injury. Appellant's App. p. 81-83 (charging informations). A jury found McFadden guilty of one count of Class B felony criminal confinement and two counts of Class C felony battery resulting in serious bodily injury.[2] *Id.* at 245, 247-48. The trial court vacated one of McFadden's Class C felony battery convictions to avoid a double-jeopardy violation. Still concerned that McFadden's convictions for Class C felony battery and Class B felony criminal confinement violated double jeopardy, the trial court reduced McFadden's remaining battery conviction to a Class B

---

[2] The jury found McFadden guilty of a second count of Class C felony battery resulting in serious bodily injury as a lesser-included offense of Class B felony aggravated battery. *See* Appellant's App. p. 245.

misdemeanor. *See id.* at 251-54. In its Judgment of Conviction, the court also expressed concern about McFadden's criminal-confinement conviction:

> Criminal Confinement requires that the victim be removed from one place to another. The charging information merely alleges that [McFadden] removed the victim, not that the victim was removed from one place to another. Furthermore, the Court is skeptical that pulling one to the ground and battering them equates to removing a victim from one place to another. If such were the case, merely pushing someone down would constitute Criminal Confinement, a Class D felony. The jury has spoken however and the Court will leave it to the Court of Appeals to resolve this issue if it is raised on appeal.

*Id.* at 252.

[6] The trial court sentenced McFadden to a six-month executed sentence for battery and a fourteen-year executed sentence for criminal confinement, to run concurrently.

McFadden now appeals.

# Discussion and Decision

[7] McFadden challenges the sufficiency of the evidence underlying his conviction for Class B felony criminal confinement. He also argues that his fourteen-year sentence for criminal confinement is inappropriate.

[8] When we review the sufficiency of the evidence, we do not reweigh evidence or assess witness credibility. *Cunningham v. State*, 870 N.E.2d 552, 553 (Ind. Ct. App. 2007) (citations omitted). We consider only the probative evidence and

reasonable inferences that support the trier of fact's conclusion that the defendant is guilty beyond a reasonable doubt. *Id.* If there is evidence of probative value from which a rational trier of fact could infer guilt beyond a reasonable doubt, we will affirm the conviction. *Id.*

[9] At the time McFadden committed the underlying offenses, Indiana's criminal-confinement statute provided, in relevant part, that:

> (a) A person who knowingly or intentionally:
>
> > (1) confines another person without the other person's consent; or
> >
> > (2) removes another person, by fraud, enticement, force, or threat of force, from one (1) place to another;
>
> commits criminal confinement. Except as provided in subsection (b), the offense of criminal confinement is a Class D felony.
>
> (b) The offense of criminal confinement defined in subsection (a) is:
>
> > \*       \*       \*       \*       \*
>
> > (2) a Class B felony if it:
>
> > \*       \*       \*       \*       \*
>
> > (B) results in serious bodily injury to a person other than the confining or removing person . . . .

Ind. Code Ann. § 35-42-3-3 (West 2012). The statute contemplates two types of criminal confinement: confinement by non-consensual restraint and confinement by forcible removal. *See State v. Greene*, 16 N.E.3d 416, 419-20 (Ind. 2014). McFadden was charged with and convicted of confinement by forcible removal resulting in serious bodily injury. *See* Appellant's App. p. 82.

[10] McFadden's sufficiency argument is two-fold. First, he argues that he did not forcibly remove Taulbee from one place to another. Second, he argues that Taulbee did not suffer serious bodily injury.

[11] Our Supreme Court addressed what constitutes removal "from one place to another" under Section 35-42-3-3 in *Brown v. State*, 868 N.E.2d 464 (Ind. 2007). The word "remove" as used in the statute means "that it is unlawful to cause another person to move from a place or location for specified improper reasons." *Brown*, 868 N.E.2d at 468. The Court has also rejected the argument that moving a victim only a few feet is insufficient to sustain a conviction for criminal confinement, recognizing that the statute does not provide exceptions that depend on how far a person is moved. *Cornelius v. State*, 508 N.E.2d 548, 549 (Ind. 1987). Thus, the term "remove" is not defined by the amount of distance the victim is moved or whether the victim is moved to a "distinct area." *See id.* Yet the offense of confinement requires proof of a "substantial interference" with a person's liberty without the person's consent, and "our courts of appeal have held that in order to prove confinement beyond the main crime charged, there must be something more than the act necessary to effectuate the crime, albeit, rape, theft, escape or battery." *Cunningham*, 870 N.E.2d at 553-54 (citing *McDonald v. State*, 511 N.E.2d 1066, 1068 (Ind. 1987); *Stover v. State*, 621 N.E.2d 664, 668 (Ind. Ct. App. 1993); *Sammons v. State*, 397 N.E.2d 289, 294 (Ind. Ct. App. 1979)).

[12] Mindful of these principles, we conclude that the evidence is insufficient to support McFadden's conviction for Class B felony criminal confinement. Our

review of the record reveals no independent evidence beyond McFadden's battery of Taulbee—which was established by evidence that McFadden pushed, hit, and kicked Taulbee and pulled his hair—that would support a conviction for criminal confinement. Not only is there no direct evidence of confinement, Taulbee never testified that he felt confined. And the mere fact that Taulbee was injured during the battery does not mean that he was confined. *See id.* at 554 ("An inference of confinement does not arise from evidence of injury to the victim."). We therefore reverse and remand to the trial court with instructions to vacate McFadden's conviction for Class B felony criminal confinement.

[13] Because McFadden's conviction for Class B felony criminal confinement will be vacated, the double-jeopardy concern that led the court to reduce McFadden's conviction for Class C felony battery resulting in serious bodily injury to a Class B misdemeanor no longer exists, and we order the trial court to reinstate McFadden's conviction for Class C felony battery resulting in serious bodily injury. *See Johnson v. State*, 925 N.E.2d 793, 795 (Ind. Ct. App. 2010) ("[W]e have the authority to reinstate one of the other two vacated counts on which the trial court found Johnson guilty if the evidence is sufficient to support it.") (citing *Taflinger v. State*, 698 N.E.2d 325, 328 (Ind. Ct. App. 1998)), *trans. denied*.

[14] Because we order this conviction reinstated, we address McFadden's claim— although raised only in the criminal-confinement context —that Taulbee did not suffer serious bodily injury.

Serious bodily injury includes bodily injury that causes extreme pain. *See* Ind. Code § 35-31.5-2-292; *see also Erkins v. State*, 13 N.E.3d 400, 407 (Ind. 2014). Here, the State alleged that Taulbee's injuries caused him extreme pain, *see* Appellant's App. p. 82, and the evidence is sufficient to support this allegation. The evidence shows that during the battery, Taulbee fell to the ground and hit his head on the pavement. He suffered a fractured nose, subdural hematoma—also known as bleeding in the brain—an abrasion to the back of his head, and a contusion near his left eye. Taulbee was hospitalized for four days, his nose required surgery, and his injuries compromised his vision in his left eye for a period of time. At trial, Taulbee testified that the pain he suffered as a result of the battery was greater than a past accident in which he lost his thumb in a shear press. The jury could reasonably conclude from this evidence that Taulbee suffered extreme pain.

In summary, we remand to the trial court with instructions to vacate McFadden's conviction for Class B felony criminal confinement, reinstate his conviction for Class C felony battery resulting in serious bodily injury, and sentence McFadden accordingly.

Reversed and remanded with instructions.

Baker, J., and Riley, J., concur.