## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 31 2016, 7:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ruth Johnson
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marcus Russell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 31, 2016 <br><br> Court of Appeals Case No. 49A02-1509-CR-1473 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Jose D. Salinas, Judge <br><br> Trial Court Cause No. 49G14-1412-CM-55024 |

**Kirsch, Judge.**

Marcus Russell ("Russell") was convicted after a bench trial of criminal trespass[1] as a Class A misdemeanor and was sentenced to sixty days in the Marion County Jail. He now appeals and raises the following restated issue for our review: whether the State presented sufficient evidence to support Russell's conviction for criminal trespass.

We affirm.

## Facts and Procedural History

Sean McCurdy ("McCurdy"), the Assistant Public Safety Director for U.S. Security Associates, was working at the Keystone Fashion Mall in Indianapolis, Indiana ("the Fashion Mall"). McCurdy's responsibilities included patrolling the property, keeping it safe, customer service, and trespassing individuals from the property. On November 28, 2014, McCurdy observed Russell in the parking lot and issued a Trespass Notice to him for possible suspicious activity. McCurdy verbally informed Russell that he had been trespassed from the Fashion Mall property.[2] The next day, on November 29, 2014, Bob Gorman ("Gorman"), the general manager of the property, informed Russell by phone that he was trespassed from the property.

---

[1] *See* Ind. Code § 35-43-2-2(b)(1)

[2] To trespass an individual is the equivalent of banning one from the property. *See Tr.* 21-22. Both parties used "trespass" in their briefs.

[4] On December 14, 2014, Russell was spotted in the parking lot of the Fashion Mall by security officer, Donna Burk ("Burk"). Burk notified Indianapolis Metropolitan Police Department Officer Matthew McFadden ("McFadden"), who patrolled the Fashion Mall on a part-time basis, that there was a possible trespasser on the property. McCurdy was contacted, and he verified that Russell was "trespassed from the property." Officer McFadden arrested Russell and transported him to jail.

[5] On, December 15, 2014, the State charged Russell with criminal trespass as a Class A misdemeanor. A bench trial was held. Russell testified that he is self-employed and in the business of buying and selling Apple iPhones. His online cell phone business required him to visit the Apple store in the Fashion Mall on an almost daily basis, often using Apple gift cards. Russell also has a credit account with Saks Fifth Avenue located in the Fashion Mall for personal use. Russell testified that there is only one other Apple store, and no other Saks Fifth Avenue stores in the state of Indiana.

[6] At the conclusion of the trial, Russell was found guilty of criminal trespass. At sentencing, the trial court imposed a sentence of sixty days with fifty-six days suspended and no probation. Russell now appeals.

## Discussion and Decision

[7] When we review the sufficiency of evidence to support a conviction, we do not reweigh the evidence or assess the credibility of the witness. *Cunningham v. State*, 870 N.E.2d 552, 553 (Ind. Ct. App. 2007). We consider only the

evidence most favorable to the verdict and the reasonable inferences that can be drawn from this evidence. *Fuentes v. State*, 10 N.E.3d 68, 75 (Ind. Ct. App. 2014), *trans. denied*. We will not disturb the factfinder's verdict if there is substantial evidence of probative value to support it. *Id*. We will affirm unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Tooley v. State*, 911 N.E.2d 721, 724-25 (Ind. Ct. App. 2009). *trans. denied.* As the reviewing court, we respect "the [fact finder's] exclusive province to weigh conflicting evidence." *McHenry v. State*, 820 N.E.2d 124,126 (Ind. 2005).

[8] In order to convict Russell of criminal trespass, the State was required to prove beyond a reasonable doubt that Russell, not having a contractual interest in the property, knowingly or intentionally entered the real property of another person after having been denied entry by the other person or that person's agent. Ind. Code § 35-43-2-2(b)(1).

[9] Russell argues that his conviction for criminal trespass was not supported by sufficient evidence. Specifically, Russell contends that the State did not present sufficient evidence to prove that he had no contractual interest in the Fashion Mall property or to prove that the mall or its agents had denied him from entry to the Fashion Mall.

[10] To prove that Russell did not have a contractual interest in the mall property, "the State does not have to disprove every conceivable contractual interest the defendant might have had in the property." *Fleck v. State*, 508 N.E.2d 539, 541

(Ind. 1987). Here, McCurdy testified that Russell was not employed at the mall, and he did not have an interest in the property, and there was no evidence that the Apple Store or Saks Fifth Avenue had the authority to grant a contractual interest in the mall. *See Olsen v. State*, 663 N.E.2d 1194, 1196 (Ind. Ct. App. 1996) (Defendant's claim that he had a good faith belief that he was permitted to be in hotel lobby because of his status as a paid hotel guest was rejected).

[11] Russell next contends that he did not commit criminal trespass because he did not acknowledge being previously denied entry to the Fashion Mall by an agent of the shopping complex. Here, the evidence established that Russell was orally notified that he was denied entry to the Fashion Mall property by McCurdy. McCurdy managed security for the Fashion Mall and his signature on the Trespass Notice sufficiently established that he possessed the authority to deny entry to the Fashion Mall. McCurdy also testified that he gave Russell a written "Ban from Private Property Notice." Additionally, Gorman, the general manager for the property, informed Russell by phone that he was trespassed from the property. Under Indiana Code section 35-43-2-2(c), "[a] person has been denied entry under subdivision (b)(1) of this section when the person has been denied entry by means of personal communication, oral or written . . ." Sufficient evidence was presented to establish that Russell knowingly or intentionally committed criminal trespass as a Class A misdemeanor.

[12] Affirmed.

[13] Riley, J., and Pyle, J., concur.